LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: 424.600.9454
Facsimile: 424.600.9631

TRUEBLOOD LAW FIRM
ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
alec@hush.com
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: 323.998.7520
Facsimile: 800.616.9325

Attorneys for Plaintiff
MONICA BENITEZ MENDEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BENITEZ MENDEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC; RESOLVION MANAGEMENT SERVICES, LLC; DAYBREAK METRO INC.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-8688<br><br>**COMPLAINT FOR WRONGFUL REPOSSESSION**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Monica Benitez Mendez alleges as follows:

### JURISDICTION AND VENUE

1.　　The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2.　　Venue is proper in this Court in that it is a judicial district in which any defendant resides, and all defendants are residents of California.

COMPLAINT

## PARTIES

3. Plaintiff is an individual over the age of 18 and a citizen of California.

4. Defendant Jefferson Capital Systems, LLC is a Georgia limited liability company with its principal place of business in St. Cloud, Minnesota. Jefferson Capital Systems is a debt collection agency which, among other things, collects money and repossesses motor vehicles on defaulted automobile finance accounts. It does regular and continuous business in California, and in this District, in particular.

5. Defendant Resolvion Management Services, LLC is a "repossession agency" under California Business and Professions Code § 7500.2 and a Delaware limited liability company with its principal place of business in Charlotte, North Carolina. Resolvion does regular and continuous business in California, and in this District, in particular.

6. Defendant Daybreak Metro Inc. is a "repossession agency" under California Business and Professions Code § 7500.2 and a California corporation with its principal place of business in El Dorado Hills, California.

## OPERATIVE FACTS

7. At all times relevant, plaintiff owned a 2017 Ford Fusion and held clear title to the vehicle with no liens.

8. Defendant Jefferson Capital Systems – an entity who has no relation to plaintiff – hired defendant Resolvion Management Services, a national repossession agency, as an independent contractor to repossess plaintiff's vehicle by "self-help" (i.e., nonjudicial) means. Resolvion Management Services, in turn, hired defendant Daybreak Metro, a California repossession agency, to assist in it completing the repossession of plaintiff's vehicle.

9. Jefferson Capital Systems ordered the repossession of plaintiff's vehicle based on an alleged old and invalid lien on title to plaintiff's car, which allegedly arose in connection with the prior purchase of the vehicle by an individual named Dionna Lyon. Lyon bought the car on credit, and primarily for personal,

2

COMPLAINT

family or household purposes, from Upstart Network, Inc., Jefferson Capital Systems's alleged predecessor-in-interest. Subsequently, Upstart Network and Jefferson Capital Systems lost any lien when title to the vehicle legally passed to third parties, and ultimately, to plaintiff as a *bona fide* purchaser.

10.    At all times relevant, defendants knew or should have known that Jefferson Capital Systems had no enforceable security interest in plaintiff's vehicle and defendants had no right to possession of it. Defendants nevertheless proceeded with their efforts to seize plaintiff's vehicle, and ultimately seized the vehicle on July 26, 2024.

11.    Defendants returned plaintiff's vehicle to her on July 31, 2024, but with damages to the vehicle which occurred while it was in their custody. Plaintiff's car also was returned to her extremely dirty and she incurred charges to clean it. Defendants also failed to return important paperwork which was taken with plaintiff's car, which plaintiff incurred charges to replace. In addition, while plaintiff was without her car, she incurred rideshare charges due to her lack of transportation. Moreover, plaintiff has suffered and continues to suffer emotional distress as a result of defendants' theft of her car and property in an amount subject to proof.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

12.    Plaintiff realleges and incorporates by reference all prior allegations.

13.    Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

14.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that she is a natural person obligated or allegedly obligated to pay a "debt".

COMPLAINT

Defendants Resolvion, Daybreak Metro, and the Doe defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. Defendants Jefferson Capital Systems and the Doe defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that defendants sought to enforce a security interest related to an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

15. Jefferson Capital Systems and the Doe defendants violated 15 U.S.C. § 1692d, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16. Jefferson Capital Systems and the Doe defendants violated 15 U.S.C. § 1692(d)(1), by using criminal means to harm the property of plaintiff, as alleged herein.

17. Jefferson Capital Systems and the Doe defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt.

18. Defendants violated 15 U.S.C. § 1692f(6)(A) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

19. As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

4

COMPLAINT

20. Plaintiff is entitled to recover her actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

21. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

22. Plaintiff is entitled to recover her attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(Against All Defendants)**

23. Plaintiff realleges and incorporates by reference all prior allegations.

24. The California Legislature enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry, finding that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id. §§ 1788.1(a)(2) & 1788.1(b).

25. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Id. § 1788.2(d).

26. Defendants are "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

5

COMPLAINT

27.    Defendants violated Civil Code § 1788.10(a) by using or threatening to use any criminal means to cause harm to the reputation or property of plaintiff. Defendants threatened to commit and committed theft in violation of California Penal Code §§ 484 and 487.

28.    Defendants violated the Rosenthal Act at Civil Code § 1788.17, by violating 15 U.S.C. § 1692, as follows:

- 15 U.S.C. § 1692d, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
- 15 U.S.C. § 1692(d)(1), by using criminal means to harm the property of plaintiff, as alleged herein;
- 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt; and
- 15 U.S.C. § 1692f(6)(A), by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, as alleged herein.

29.    As a direct and proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

30.    Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

31.    Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

COMPLAINT

32.     Plaintiff is entitled to recover her attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

**THIRD CLAIM FOR RELIEF – CONVERSION**

**(Against All Defendants)**

33.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

34.     Plaintiff was entitled to immediate possession of her vehicle and the personal property therein when it was repossessed by defendants. Defendants wrongfully deprived plaintiff of possession of her vehicle and personal property by taking and retaining plaintiff's vehicle and personal property without any right to do so.

35.     Plaintiff has suffered damages as a direct and proximate result of defendants' conversion of her property in amounts that are subject to proof.

36.     Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

**FOURTH CLAIM FOR RELIEF – TRESPASS TO CHATTELS**

**(Against All Defendants)**

37.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

7

COMPLAINT

38.    Defendants intentionally interfered with plaintiff's use or possession of her vehicle and damaged the vehicle.

39.    Plaintiff did not consent and was harmed by defendants' conduct, which was a substantial factor in causing plaintiff's harm.

40.    As a direct and proximate result of defendant's conduct, plaintiff has been damaged in amounts which are subject to proof.

41.    Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.    For actual damages;

2.    For statutory damages;

3.    For punitive damages;

4.    For pre-judgment interest;

5.    For an award of her attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.    For such other and further relief as the Court may deem just and proper.

///

///

///

8

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 9, 2024          LAW OFFICES OF BRANDON A. BLOCK
                                A PROFESSIONAL CORPORATION

                                /s/ Brandon A. Block
                                Brandon A. Block

                                TRUEBLOOD LAW FIRM

                                /s/ Alexander B. Trueblood
                                Alexander B. Trueblood

                                Attorneys for Plaintiff
                                MONICA BENITEZ MENDEZ

COMPLAINT